STONE, Judge.
We affirm an order directing the State of Florida, Department of Highway Safety and Motor Vehicles to issue a driver’s license for work/business purposes to Appellee pursuant to section 322.055(1), Florida Statutes.
Appellee entered a guilty plea to the charge of possession of a controlled substance. Under the authority of section 322.055(1), Florida Statutes, the state revoked his driving privileges for a period of two years. Appellee filed a motion requesting that he be permitted to obtain a driver’s license for business or employment purposes as authorized by section 322.055(1), which states, in part:
upon the conviction ... for possession ... of ... a controlled substance, the court shall direct the department to revoke the driver’s license or driving privilege of the person. The period of such revocation shall be 2 years or until the person is evaluated for and, if deemed necessary by the evaluating agency, completes a drug treatment and rehabilitation program.... However, the court may, in its sound discretion, direct the department to issue a license for driving privilege restricted to business or employment purposes only, as *26 defined in s. 322.271, if the person is otherwise qualified for such a license. (emphasis added).
The state asserts that a business purpose only (“BPO”) license may not be issued until successful completion of an approved substance abuse education course as required under section 322.271(2)(a), Florida Statutes.
We approve the trial court’s conclusion that the effect of the reference to section 322.271 in section 322.056 was to define “business or employment purposes,” and not to superimpose the entirety of section 322.271 on to section 322.055(1). We note that the trial court additionally recognized that Appellee had completed Broward Sheriffs Office boot camp, part of which was substance abuse training. The trial court was of the added opinion that even if the substance abuse education contemplated under 322.271(2)(a) were found to be a prerequisite to the court issuing a BPO license under 322.055, this prerequisite had been met. We do not agree with this additional conclusion, as boot camp is not an “approved substance abuse education course” as required by the statute. However, we deem the court’s additional consideration immaterial, given our interpretation of section 322.055(1).
Section 322.055(1) requires an individual to go through a rehabilitation program before having his license reinstated unless the court orders DHSMV to issue a BPO license (as defined in section 322.271). Section 322.271 requires an individual to take a substance abuse education class prior to obtaining a BPO license. Certainly the legislature did not provide that the court, pursuant to section 322.055, could waive completion of a rehabilitation program to obtain a BPO license only to permit DHSMV to impose a requirement of attendance of a substance abuse education class, notwithstanding such a court order. Therefore, the judgment is affirmed.
GLICKSTEIN and FARMER, JJ., concur.